James S. Monroe, Esq. (State Bar Number: 102328)
NIXON PEABODY LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300
E-mail: jmonroe@nixonpeabody.com

Attorney for Creditor, Roosevelt Fund, L.P.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| In re:<br><br>COMPASS FUND MANAGEMENT,<br><br>Debtor. | Case No. 07-40129<br><br>Involuntary Chapter 7<br>REQUEST FOR ENTRY OF AN ORDER FOR RELIEF |
|---|---|

**REQUEST OF ROOSEVELT FUND, L.P., AS PETITIONING CREDITOR, FOR ENTRY OF AN ORDER FOR RELIEF REQUESTED IN THE INVOLUNTARY PETITION PURSUANT TO FED. R. BANKR. P. 1013(B)**

1. Roosevelt Fund, L.P. ("Roosevelt Fund")[1] by and through its counsel, Nixon Peabody LLP, hereby files its request (the "Request") for entry of an order, substantially in the form attached hereto as Exhibit A, granting the relief requested in the involuntary petition filed against the above captioned debtor pursuant to Federal Rule of Bankruptcy Procedure Rule 1013.

2. On November 11, 2006, the Securities and Exchange Commission (the "SEC") initiated an action against Viper Capital Management, LLC, Compass Fund Management, LLC, Edward Ehee, Compass West Fund, LP, Viper Founders Fund, LP, Viper Investments, LP, Albert Ehee, Robert Ehee, and Jennifer Ehee alleging various securities fraud violations, in the United States District Court for the Northern District of California (San Francisco Division), Case No. 06-06966

---

[1] Roosevelt Fund, L.P. was previously known as A.A.G. Roosevelt Fund, L.P. and its official corporate name was previously Anira Advisory Group Roosevelt Fund, L.P.

(the "SEC Litigation").

3. Shortly thereafter, on November, 22, 2006, Roosevelt Fund filed a complaint (the "Complaint") against the above captioned debtor (the "Debtor") alleging, *inter alia*, violation of federal securities laws; breach of contact; unjust enrichment; breach of fiduciary duty; fraud; conspiracy to commit fraud; negligent misrepresentation; fraudulent conveyance; constructive fraudulent conveyance; violation of Cal. Bus. & Prof. Code §17200; constructive trust; and seeking declaratory relief, in the United States District Court for the Northern District of California (San Francisco Division) Case No. 06-7270.

4. The Debtor failed to answer the Complaint and is subject to default pursuant to Fed. R. Civ. P. 55.

5. On January 12, 2007 (the "Petition Date"), Roosevelt Fund filed involuntary petitions against the Debtor, Compass West Fund L.P. and Edward Sewon Ehee (collectively, the "Debtors") under chapter 7 of the Bankruptcy Code.

6. These three closely related cases are currently being administered by three different Bankruptcy Judges. See In re Compass West Fund L.P. (Bankr. N.D. Cal. (San Francisco) Case No. 07-40130, Hon. R. Newsome presiding); In re Compass Fund Management (Bankr. N.D. Cal. (San Francisco) Case No. 07-40129, Hon. E. Jellen presiding); In re Edward Sewon Ehee, (Bankr. N.D. Cal. (San Francisco) Case No. 07-40126, Hon. L. Tchaikovsky presiding).

7. On February 22, 2007, Roosevelt Fund and the Debtor entered into a stipulation to extend time to respond to the involuntary petitions in each case to February 28, 2007 (Dkt. No. 5).

8. Roosevelt Fund expects to move for the procedural consolidation and joint administration of the Debtors cases within the next five (5) business days.

9. Pursuant to Bankruptcy Rule 1013(b) "if no pleading or other defense to a petition is filed within the time provided by Rule 1011, the court, on the next day, or as soon thereafter as practicable, shall enter an order for the relief requested in the petition." Fed. R. Bankr. P. 1013(b).

10. Bankruptcy Rule 1011(b) provides that a debtor has twenty (20) days to respond to an involuntary petition. This deadline was subsequently extended by stipulation until February 28,

2007. See Stipulation to Extent Time to Respond to Involuntary Petition, Dkt. No. 5

11. The Debtor, who has received proper notice of the petition, has failed to timely or otherwise respond to or object to the involuntary petition.

12. Accordingly, Roosevelt Fund requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, granting relief against the Debtor pursuant to Bankruptcy Rule 1013.

WHEREFORE, Roosevelt Fund respectfully requests entry of an order, substantially in the form attached hereto as Exhibit A, granting relief requested in the petition against the Debtor pursuant to Bankruptcy Rule 1013; and, granting such other further relief as just and proper.

Dated: March 29, 2007

    /s/ James S. Monroe
James S. Monroe, Esq. (State Bar Number: 102328)
NIXON PEABODY LLP
Two Embarcadero Center, Suite 2700
San Francisco, CA 94111-3996
Telephone: (415) 984-8200
Facsimile: (415) 984-8300
E-mail: jmonroe@nixonpeabody.com