James D. Wood, St. Bar. No. 106936
Attorney at Law
3675 Mount Diablo Boulevard, Suite 250
Lafayette``, California  94549-3775
Tel. (925) 284-9663
Fax. (925) 283-9663

Attorney for Edward S. Ehee

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>COMPASS FUND MANAGEMENT, L.P.,<br><br>Debtor. | Case No. 07-40129<br><br>(Involuntary Chapter 7)<br><br>EDWARD EHEE'S OPPOSITION TO MOTION FOR JOINT ADMINISTRATION<br><br>Fed.R.Bankr.P. 2015(b)<br><br>Hearing:<br><br>Date:      May 3, 2007<br>Time:     3:00 P.M.<br>Place:    1300 Clay Street<br>            Oakland, CA<br>            Courtroom 201<br>Judge:    Hon. Leslie J. Tchaikovsky |

EDWARD SEWTON EHEE, ("Ehee") opposes the "MOTION FOR JOINT ADMINISTRATION" filed in this case dated April 9, 2007 ("Joint Admin. Motion") by ROOSEVELT FUND, L.P. ("Roosevelt") as follows:

**OPPOSITION TO JOINT ADMINISTRATION**

1.    Ehee opposes the joint administration of the involuntary case filed against him (No. 07-40126) (the "Ehee Bankruptcy") with those filed against COMPASS FUND MANAGEMENT (No. 07-40129) (the "Compass Management Bankruptcy") and COMPASS

WEST FUND L.P. (No. 07-40130) (the "Compass West Bankruptcy"). Ehee does *not* oppose the joint administration of the Compass Management Bankruptcy with the Compass West Bankruptcy.

2.  Because Ehee has opposed Roosevelt's involuntary petition in his case, no order for relief has filed in the Ehee case. No one opposed the involuntary petitions filed in the Compass West and Compass Management bankruptcy cases. The Court has entered an order for relief in the Compass West Bankruptcy and the parties anticipate the Court to do so in the Compass Management Bankruptcy.

3.  The only basis for Roosevelt's request to jointly administer the Ehee Bankruptcy with the other two bankruptcy cases is that the parties "will be able to reduce the fees and costs resulting from the administration of these cases and ease the onerous administrative burden of having to file multiple and duplicative documents (Roosevelt's Memorandum of Points and Authorities dated and filed April 9, 2007, 3:21-24 [the "Roosevelt Memo"] and that "supervision of the administrative aspects of these chapter cases by a single chapter 7 trustee will be simplified" (Joint Admin. Motion, 2:4-8).

4.  Ehee disagrees as to both of Roosevelt's propositions with respect to his case.

5.  First, at this early stage where no order for relief has been entered, joint administration of Ehee's case with the other two cases in which orders for relief have been entered and trustees appointed is more likely to sew confusion than save time or effort. Even if the three bankruptcy cases in question are related, joint administration is not compelled (*In re Parkway Calabasas, Ltd.*, 89 B.R. 832, 836, (Bankr. C.D. Cal. 1988), *aff'd*, 949 F.2d 1058 (9th Cir. 1991) (goal of joint administration is practical one of reducing cost)).

6.  Second, at this stage where no schedules and no creditor lists are on file, there is no basis for determining the commonality of creditors in the three cases, the degree of conflicts

EHEE'S OPPO. TO MOT. FOR JOINT ADMIN., Case No. 07-40129     -2-

among them, or the nature of the assets in the cases. Accordingly, it is impossible to determine what direction each of the three cases will take. Rule 2015(b) provides in part that, "Prior to entering an order [for joint administration] the court shall give consideration to protecting creditors of different estates against potential conflicts of interest". Roosevelt's glib assertion that the "administrative aspects of these chapter cases a by a single chapter 7 trustee will be simplified" is belied by the fact that there is no way of determining at this stage whether due to conflicts of interest -- assuming an order for relief is ever entered in the Ehee Bankruptcy -- a single trustee may properly serve in all three cases. As a proponent of joint administration, Roosevelt bears the burden of providing the Court with appropriate guidance regarding potential conflicts of interests. *In re BH & P, Inc.*, 103 B.R. 556, 569 (Bankr. D.N.J. 1989), *aff'd in part and rev'd in part on other grounds*, 119 B.R. 35, (D.N.J. 1990), *aff'd*, remanded, 949 F.2d 1300 (3d Cir. 1991) (order authorizing joint administration vacated because application did not disclose all facts relating to possible conflicts). It has failed to do so[1].

Accordingly, the Roosevelt Motion should be denied as to its proposed joint administration of the Ehee case with the other two bankruptcy cases.

Respectfully submitted,

DATED: April 26, 2007

/s/ James D. Wood
_____
James D. Wood
Attorney for EDWARD S. EHEE

OpptoJointAdmin_Ehee070426_01.doc 4/26/07 JDW

---

[1] Ehee has not opposed the substance of Roosevelt's "Request for Judicial Notice in Support of Motion for Joint Administration" dated and filed April 9, 2007 requesting that the Court take judicial notice of various case dockets. However, such case dockets establish only that that the cases referenced thereby are pending and the documents referenced therein have been filed with the this Court or the U.S. District Court. The existence of the case dockets alone most certainly does not authenticate the contents of any documents referenced in them nor establish any of the allegations set-forth in the documents filed with those courts.

EHEE'S OPPO. TO MOT. FOR JOINT ADMIN., Case No. 07-40129      -3-