**United States District Court**
For the Northern District of California

1

2

3

4

5            IN THE UNITED STATES DISTRICT COURT

6         FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   LISA JOHNSON, by and through her          No. C 07-3395 CW
    Conservator, Sharon Toth,
9                                             ORDER SETTING NEW
              Plaintiff,                      DEADLINE FOR
10                                            ADDITIONAL OPPOSITION
          v.
11
    ALAMEDA COUNTY MEDICAL CENTER; SCOTT
12  ZELLER, M.D.; KURT BIEHL, M.D.;
    JEANETTE COTANCHE, R.N.; LEONI
13  ALFONSO, R.N.; MADELYNE MARKLE, R.N.;
    AND CEDRICK FROWNER,
14
              Defendants.
15
    _____/
16

17       Defendants Alameda County Medical Center (ACMC), Scott Zeller,

18  M.D., Kurt Biehl, M.D., Jeanette Cotanche, R.N., Leoni Alfonso,

19  R.N. and Madelyne Markle, R.N. move for summary judgment or, in the

20  alternative, for partial summary judgment on any or all of

21  Plaintiff Lisa Johnson's claims against them.  Plaintiff opposes

22  the motion.

23       The matter was heard on June 25, 2009.  Plaintiff was given

24  one week to accept summary adjudication of her civil rights claims

25  and remand of her negligence claim against ACMC to state court, or

26  to file a concise legal memo pointing to actual evidence of

27  wrongdoing specific to each individual and to a policy on the part

28  of ACMC which could support a civil rights claim.  Docket No. 64.

**United States District Court**
For the Northern District of California

1  The Court also indicated Plaintiff could address her claim that she

2  was thwarted from conducting discovery.  On July 2, 2009, Plaintiff

3  filed a "Notice of Agreement to Remand," stating that the parties

4  had agreed to remand the case to state court "with the proviso that

5  reasonable mutual discovery can be conducted."  Docket No. 65.

6  Defendants object to Plaintiff's notice on the grounds that it

7  misrepresented that the parties' counsel had entered into an

8  agreement or stipulation.  In particular, Defendants object to

9  continued discovery and ask the Court to rule on the summary

10  judgment motion upon the submitted evidence.  Docket No. 66.

11  Plaintiff's reply states that Defendants agreed to further mutual

12  discovery in state court if Plaintiff agreed to remand, and that

13  her decision to agree to remand was a strategic decision based in

14  part on this understanding.  However, Plaintiff submits no evidence

15  supporting such an agreement between counsel. Docket No. 67.

16      Plaintiff did not file any additional authority or evidence in

17  opposition to summary judgment on her civil rights claim, and

18  Plaintiff has not shown how she has been thwarted from conducting

19  proper discovery.  Under Rule 56(f) of the Federal Rules of Civil

20  Procedure, if Plaintiff can show by affidavit that, for specified

21  reasons, she cannot present facts essential to justify her

22  opposition, the Court may order a continuance to enable discovery

23  to be undertaken.  "[T]he party seeking a continuance bears the

24  burden to show what specific facts it hopes to discover that will

25  raise an issue of material fact.  The mere hope that further

26  evidence may develop prior to trial is an insufficient basis for a

27  continuance under Fed. R. Civ. P. 56(f)."  Continental Maritime of

28  San Francisco v. Pacific Coast Metal Trades Dist. Council, Metal

**United States District Court**
For the Northern District of California

1  Trades Dep't, AFL-CIO, 817 F.2d 1391, 1395 (9th Cir. 1987)

2  (internal citation omitted).  To obtain a continuance, the party

3  opposing the summary judgment motion must make clear not only what

4  information is sought, but also how that information "would

5  preclude summary judgment."  Margolis v. Ryan, 140 F.3d 850, 853

6  (9th Cir. 1998).

7       The Court will give Plaintiff an additional week from the date

8  of this order to file an additional opposition to Defendants'

9  motion for summary judgment, and to state any grounds for a

10 continuance pursuant to Rule 56(f) of the Federal Rules of Civil

11 Procedure.  Plaintiff should state, specifically, the information

12 sought through continued discovery, how that information would

13 preclude summary judgment, and why discovery wasn't taken, given

14 that the discovery cutoff has passed.  If Plaintiff files an

15 opposition, Defendants will have one week to file a reply.  If

16 Plaintiff does not file any additional opposition, the Court will

17 rule on the summary judgment motion.

18

19      IT IS SO ORDERED.

20

21 Dated:  7/13/09

22                                    CLAUDIA WILKEN
                                      United States District Judge

23

24

25

26

27

28

                                    3